## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Flava Works, Inc.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 1:11-cv-05100** |
| | ) | |
| | ) | |
| **v.** | ) | **SECOND AMENDED COMPLAINT** |
| | ) | |
| **Anton Bonic, Cormelian Brown,** | ) | **FILED** |
| **Frank Ejikeme, Kywan Fisher,** | ) | **10/27/2011** |
| **Lloyd Johnson, Raymond Levy,** | ) | MICHAEL W. DOBBINS |
| **Steven Lopez, Gregory Nance,** | ) | CLERK, U.S. DISTRICT COURT |
| **Anwar Ogiste, , Keith Pope,** | ) | |
| **Latavius Robinson, Frank Rossi,** | ) | **1:12-cv-01886** |
| **Raymond Smith, Andrew Clavio,** | ) | **Judge Joan H. Lefkow** |
| **Gregory Terry,** | ) | **Magistrate Judge Young B. Kim** |
| | ) | |
| **Defendants.** | ) | |

### SECOND AMENDED COMPLAINT

Plaintiff, Flava Works, Inc. (hereinafter "Plaintiff" or "Flava Works"), and for its Second Amended Complaint against the Defendants, Anton Bonic, Cormelian Brown, Frank Ejikeme, Kywan Fisher, Lloyd Johnson, Raymond Levy, Steven Lopez, Gregory Nance, Anwar Ogiste, Keith Pope, Latavius Robinson, Frank Rossi, Raymond Smith, , Gregory Terry, Andrew Clavio, states as follows:

### NATURE OF THE ACTION

1.      This is an action for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*; for trademark infringement pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*, as amended. Plaintiff brings this action to stop Defendants from infringing, promoting, encouraging, enabling and facilitating the infringement of Plaintiff's copyrights (collectively "Flava Works' Intellectual Property") on the Internet.

2.      Plaintiffs bring this action to stop Defendants from continuing to encourage, enable and contribute to the infringement of Plaintiffs copyrights on the Internet. Defendants joined Flava Works' paid membership-only websites, agreed to Flava Works' terms and services, downloaded copyrighted videos owned by Flava Works, and copied and distributed the aforesaid copyrighted videos in violation of the agreed to terms and services.

## THE PARTIES

3.      Plaintiff is incorporated under the laws of the State of Florida with its principal place of business at 2610 N. Miami Ave., Miami, Florida 33127 and in Chicago, Illinois at 933 W. Irving Park Rd., Ste. C, Chicago, Illinois 60613.

4.      On information and belief, Defendants, Anton Bonic resides in Fiorenzuola, Italy; Cormelian Brown resides in Newark, Delaware; Frank Ejikeme resides in Atlanta, Georgia; Kywan Fisher resides in Hampton, Virginia; Lloyd Johnson resides in West Hartford, Connecticut; Raymond Levy resides in Byram Mississippi; Steven Lopez resides in Bronx, New York; Gregory Nance resides in Atlanta, Georgia; Anwar Ogiste resides in Upper Marlboro, Maryland;  Keith Pope resides in Laurel, Maryland; Latavius Robinson resides in Quinc, Florida; Frank Rossi resides in New York, New York; Raymond Smith resides in Dallas, Texas; Gregory Terry resides in Jacksonville, Florida; Andrew Clavio, resides in Ashburn, Virginia.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1338 and § 1367; pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*.

6.      On information and belief, Defendants actively target the Illinois

market and consumers.

7.    This Court has jurisdiction over Defendants, because Defendants are subject to personal jurisdiction in the State of Illinois under the Illinois Long Arm Statute.

8.    Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this district.

## FACTS

## PLAINTIFF FLAVA WORKS, INC.

9.    Plaintiff is a corporation that produces adult entertainment in the form of DVDs, magazines, websites, pictures, streaming video and various other media.

10.    Plaintiff distributes its adult entertainment through various distributors and licensees, as well as through its websites: www.FlavaMen.com, www.CocoDorm.com, www.CocoStore.com, www.PapiCock.com, and www.ThugBoy.com, among others.

11.    Plaintiff has applied for and has registered various copyrights for its works. See attached Exhibit "A".

12.    Plaintiff is recognized nationally and internationally as a leader in the field of production and distribution of adult entertainment due, in large part, to the goodwill and name recognition associated with its trademarks, as well as the high quality content that is associated with its copyrighted material.

13.    At all relevant times, Defendants join as paid members of Flava Works websites (either or CocoDorm.com, Thugboy.com, PapiCock.com, MixItUpBoy.com or RawRods.com) .

14. Defendants agreed to the terms and conditions of the site and agreed that Defendants would not copy and distribute copyrighted videos of Flava Works. Copies of Flava Works' terms and conditions are attached as Group Exhibit "B".

15. Notwithstanding the aforesaid agreements, Defendants downloaded copyrighted videos of Flava Works as part of their paid memberships and, in violation of the terms and conditions of the paid sites, and posted and distributed the aforesaid videos on other websites, including websites with peer to peer sharing and torrents technology.

16. As a result of Defendants' conduct, third parties were able to download the copyrighted videos, without permission of Flava Works.

## COUNT I

### (Direct Copyright Infringement as to all Defendants – 17 U.S.C. § 501.)

1-16. Plaintiff incorporates and re-alleges paragraphs 1-16 of this Complaint as paragraphs 1-16 of Count I.

17. Defendants' conduct interferes with Plaintiff's exclusive right to reproduce, distribute and display the copyrighted works.

18. Defendants' conduct constitutes copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

19. Defendants' aforesaid activities constitute infringement of Plaintiff's copyrights.

20. As a result of the injury suffered by Plaintiff's business from Defendants' actions of direct copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages,

which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

## COUNT II

### (Contributory Copyright Infringement.)

1-16.    Plaintiff incorporates and re-alleges paragraphs 16 of this Complaint as paragraphs 1-16 of Count II.

17.    On information and belief, Defendants aided, abetted, allowed, encouraged and otherwise materially contributed to the infringement of Flava Works' Intellectual Property by copying, posting, and/or distributing Flava Works' copyrighted videos without permission.

18.    On information and belief, Defendants had actual or constructive knowledge of or was willfully ignorant of the infringing activity and had the obligation and ability to control and stop the infringing activity, yet failed to do so.

19.    Defendants' conduct constitutes contributory copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

20.    As a result of the injury suffered by Plaintiff's business from Defendants' actions of contributory copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

## COUNT III

### (Vicarious Copyright Infringement.)

1-16.   Plaintiff incorporates and re-alleges paragraphs 1-16 of this Complaint as paragraphs 1-16 of Count III.

17.   On information and belief, Defendants had actual or constructive knowledge of or was willfully ignorant of the infringing activity and had the obligation and ability to control and stop the infringing activity, yet failed to do so.

18.   As a result of the injury suffered by Plaintiff's business from Defendants' actions of vicarious copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

## Count IV

### (Inducement of Copyright Infringement.)

1-16.   Plaintiff incorporates and re-alleges paragraphs 1-16 of this Complaint as paragraphs 1-16 of Count IV.

17.   On information and belief, Defendants had actual or constructive knowledge of or was willfully ignorant of the infringing activity and had the obligation and ability to control and stop the infringing activity, yet failed to do so.

18.   Defendants' conduct constitutes inducement copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

19.   As a result of the injury suffered by Plaintiff's business from Defendants' actions of inducement of copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

**WHEREFORE** Plaintiff, Flava Works, Inc. respectfully requests that this Honorable Court enter the following:

1. A judgment in its favor of Plaintiff, Flava Works, Inc. and against the Defendants.

2. For a temporary restraining order, preliminary injunction, and permanent injunction against Defendants and their aliases, his agents, servants, representatives, employees, attorneys, parents, subsidiaries, related companies, partners, successors, predecessors, assigns, and all persons acting for, with, by, through, or under Defendants and each of them during the pendency of this action as preliminary injunction and permanently thereafter from:

   a. Restraining and enjoining Defendants from posting on any website(s) material that infringes Flava Works' Intellectual Property, as well as from facilitating the posting on any website(s) by third parties infringing material and/or links which enable the easy access to Flava Works' Intellectual Property that is located on third party websites;

   b. Restraining and enjoining Defendants from otherwise distributing, reproducing, using, copying, streaming, making available for download, or otherwise exploiting Flava Works' Intellectual Property, including Plaintiff's copyrighted works, trademarks, trade dress, or any other product or symbol with the indicia of Plaintiff's ownership, through use of their website(s) or otherwise;

   c. Restraining and enjoining Defendants from doing any other act, through any website(s) or otherwise, which shall confuse, deceive, cause mistake, etc.

among the relevant trade and general public as to the association, sponsorship
and/or approval between Plaintiff and any website(s);

d.     Restraining and enjoining Defendants from otherwise using, copying or
otherwise exploiting Plaintiff's copyrights and copyrighted works;

e.     Restraining and enjoining Defendants from otherwise using, disclosing.
converting, appropriating. retaining. selling, transferring or copying any property
of Plaintiffs;

3.     Requiring Defendants to submit to the Court and to serve upon Plaintiff a report,
written under oath, setting forth in detail the manner and form in which Defendant
has complied with the terms of this injunction;

4.     Disgorging Defendants of any profits they may have made as a result of his or her
infringement of Flava Works' Intellectual Property;

5.     Awarding Plaintiff the actual damages sustained by Plaintiff as a result of
Defendants' infringement of Flava Works' Intellectual Property, the amount of
which is to be determined at trial;

6.     Awarding Plaintiff compensatory and punitive damages, as deemed just and
proper by this Court, as a result of the willful misconduct on the part of the
Defendants;

7.     Awarding Plaintiff the costs of this action, together with reasonable attorney's
fees;

8.     In the alternative, awarding Plaintiff statutory damages pursuant to the Copyright
Act and the Lanham Act;

9.     In the alternative, awarding Plaintiff enhanced statutory damages, pursuant to 15 U.S.C. § 504(c)(2) of the Copyright Act, for Defendants' willful infringement of Plaintiff's copyrighted works;

10.     Requiring within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendants be required to turn over any files containing Plaintiff's Intellectual Property;

11.     Requiring Defendants to deliver up for destruction all of Plaintiff's Intellectual Property.

12.     Awarding trebled damages for Defendants' infringement of Plaintiff's copyrights.

13.     Awarding punitive damages.

14.     Awarding any such other and further relief as this Court deems just, reasonable and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues properly triable by jury in this action, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:                      Respectfully Submitted,

October 12, 2011            /s/ Meanith Huon

                                Meanith Huon

Flava Works, Inc.
933 W. Irving Pk. Rd., Ste. C
Chicago, IL 60613

PO Box 441
Chicago, Illinois 60690
Phone: (312) 405-2789
E-mail: huon.meanith@gmail.com
IL ARDC. No.: 6230996

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on the 12th day of October, 2011, I caused to be served a true and correct copy of the foregoing **PLAINTIFF'S SECOND AMENDED COMPLAINT** by causing copies of same to be served electronically on all counsel of record who have appeared in this case.

                          /s/Meanith Huon_____
                          Meanith Huon
                          PO Box 441
                          Chicago, Illinois 60690
                          Phone: (312) 405-2789
                          E-mail: huon.meanith@gmail.com
                          IL ARDC. No.: 6230996